UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No: 8:09-cv-20-KKM-TBM

CHRISTOPHER J. BERMANN,

    Defendant.
_____

## ORDER

Defendant Christopher J. Bermann moves the Court to terminate his supervised release. (Doc. 54.) Both the United States and the probation office respond in opposition. (Doc. 60; Doc. 67.) After reviewing the motion, responses, and the record, the Court denies Bermann's motion.

Following his plea of guilty, Bermann was sentenced to thirty-six months in prison and 240 months of supervised release on October 30, 2009, for possessing images depicting minors engaging in sexually explicit conduct. He completed his term of imprisonment in 2012 and is just over halfway through his term of supervised release. The conditions of his release require, among other things, that he obtain permission from the probation office to access the internet, have direct contact with minors, and travel outside the Middle District. (Doc. 43.)

Bermann asserts that continuing the supervision may present a risk to his job because he is unable to access the internet or travel on short notice, and that it makes it harder for him to participate in his children's activities. He also claims that he "presents no identifiable risk of harm to the public or any victim, as attested to" by his mental health counselor. Bermann also claims that he has never been sanctioned for a supervised release violation and has been in substantial compliance with the conditions of his release. Even if true when he made that representation, the probation office has since noted that he missed a polygraph appointment and had an unauthorized laptop in his home. (Doc. 64; Doc. 68.)

The Court may, after examining the sentencing factors set forth in Section 3553, terminate a term of supervised release at any time after defendant completes one year, as long as "it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. 3583(e)(1). Here, the Court is not satisfied that early termination is warranted by the defendant's conduct or the factors in Section 3553.

Accordingly, the Defendant's Motion for Early Termination of Supervised Release is **DENIED**.

**ORDERED** in Tampa, Florida, on December 21, 2022.

Kathryn Kimball Mizelle
United States District Judge

2